FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 OCT 23  PM 1: 57

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID A. COMBE | * | CIVIL ACTION **06-8909** |
| VERSUS | * | NO: |
| LIFE INSURANCE COMPANY OF NORTH AMERICA D/B/A CIGNA GROUP INSURANCE | * | |
| | * | SECT. **E MAG 3** |
| | * | MAGISTRATE: |

\* \* \* \* \* \* \* \* \*

## C O M P L A I N T

The Complaint of David A. Combe ("Combe"), an individual domiciled within the Eastern District of Louisiana, represents, with respect, as follows:

I.

Combe is an individual domiciled within the jurisdiction of this Court. He asserts claims against Defendants based on his former status as an employee of Tulane University School of Law ("Tulane Law") and his entitlement to benefit coverage under the Tulane University Long Term Disability Plan ("Plan"), an employee benefit group welfare plan established by Tulane University to

Fee 350.
_N_ Process_____
_X_ Dktd _____
___ CtRmDep_____
___ Doc. No._____

provide long term income continuation benefits in the event of the employee's disability, within the terms of the Plan.

## II.

Defendant Life Insurance Company of North America d/b/a CIGNA Group Insurance ("CIGNA") is a foreign insurer and carrier domiciled in Pennsylvania and doing business in the State of Louisiana, within the jurisdiction of this Court.

## COUNT I

## III.

This is an action under §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), of the Employee Retirement Income Security Act ("ERISA") to recover benefits due to Combe under the terms of the Plan. This Court has jurisdiction over this matter pursuant to §502(e) of ERISA, 29 U.S.C. 1132(e).

## IV.

CIGNA issued to Tulane University ("Tulane") and the Plan one or more policies of group insurance funding and underwriting benefits under the Plan ("Policy") and acted in the fiduciary role of Plan Administrator in the processing and payment of claims under the Plan. Combe has timely paid, via salary deduction, all

premiums payable to secure his coverage as a participant in the Plan and the Policy at all times relevant to this action.

V.

By the terms of the Policy and the Plan, an eligible applicant "is considered Disabled if, solely because of Injury or Sickness, [the applicant is] either:

1.    unable to perform all the material duties of [his] Regular Occupation or a Qualified Alternative; or

2.    unable to earn 80% or more of his Covered Earnings."

VI.

As Law Librarian and tenured faculty member of Tulane Law in New Orleans, Louisiana from 1972 until December, 2005, Combe had overall responsibility for the operation of the Law Library and administration of its staff and facilities, and taught various law courses in the Law School to both graduate and postgraduate students, as a faculty member. Combe was directly responsible to the Dean of Tulane Law ("Dean") in the performance of these duties.

VII.

During the summer of 2004, Combe began to experience difficulty in performing the material and substantial duties of his occupation by reason of his physical and mental condition and, following discussions with the Dean, was granted a paid medical

-3-

leave of absence for the Fall semester of 2004 in order to undergo medical treatment. Combe was due to return to work for the semester commencing January 1, 2005.

## VIII.

When Combe's Fall medical leave of absence failed to produce the improvement necessary for Combe to return to his occupation, the Dean granted a further paid medical leave commencing January 1, 2005 and terminating December 1, 2005, at which point Combe was required to return to work.

## IX.

During his Fall 2004 medical leave, Combe commenced additional medical treatment by his cardiologists, sleep specialist, and psychiatrist in the hope that sufficient improvement in his worsening physical and mental conditions might be effected to allow his return to his employment. Such treatment included the implantation by his surgical cardiologist in November, 2004 of an automatic defribrillator to self activate in the event of sudden cardiac death syndrome caused by ventricular trachycardia and severe dilated cardiomyopathy (nonischemic); preparation for additional sleep testing and transfer to an alternative Bipap machine to treat obstructive and central sleep apnea, night time

sleeplessness, and severe daytime sleepiness; and ongoing psychiatric treatment of his deteriorating major depression, attention deficit disorder ("ADD") and other mental disorders aggravated by occupational stress. Treatment of these disparate symptoms were further aggravated by the multiple medications prescribed by his physicians and their inability to treat his weak heart with more aggressive drug therapy due to the high risk of adverse drug interactions.

X.

Despite these additional treatment regimens followed by his treating physicians in the first half of 2005, Combe's overall mental and physical condition deteriorated seriously and progressively such that by the Fall of that year, Combe was forced into the involuntary realization that he was unable to return to his employment by reason of his physical and mental impairment. He therefore concluded he was disabled from the performance of his duties as Law School Librarian and faculty member and from the performance of any Qualified Alternative occupation.

XI.

Combe therefore submitted his application for long term disability income benefits ("LTD benefits") on October 28, 2005, on

the basis that he became disabled from the further performance of his regular occupation approximately September 1, 2005.

### XII.

The deterioration in his overall health occurred gradually, over a period of many months. No single event or trauma occurred that caused his total, sudden incapacity and caused him to submit his application on a particular date, or to designate a single date when his disability occurred. Combe's application was accompanied by determinations by his treating physicians of his disability from further performance of his occupation, as required by CIGNA's application process.

### XIII.

Combe's application for LTD benefits was subsequently denied by CIGNA by letter dated February 9, 2006, on the basis of Combe's alleged failure to instil in CIGNA an "understanding" of how the medical symptoms documented by Combe's physicians led to his physicians' pronouncements of disability. CIGNA further determined it did not "understand" from the treating psychiatrist's submissions what changed in Combe's mental condition "as of 10/31/05" [sic] that prevented him from assuming his return to work. Finally, the determination noted that it was in possession

of no testing showing Combe's inability "to perform the light duty tasks of his occupation."

### XIV.

Because Combe failed to return to his Tulane employment on December 1, 2005 as earlier agreed with the Dean, his employment terminated as of December 31, 2005, and he has received no further compensation from Tulane since that date. On that date he also lost his eligibility as an active employee for coverage under both the LTD Plan and the Tulane University Health Insurance Plan.

### XV.

Combe's appeal to CIGNA's initial denial was timely submitted on June 26, 2006. According to Policy terms and the Claims Processing Regulations issued by the U.S. Department of Labor, Pension & Welfare Benefits Administration ("DOL Regulations"), CIGNA's ruling thereon was required to issue within forty-five (45) days thereafter, unless within the first thirty (30) days CIGNA provided written notice to appellant that extra time was needed to review the appeal or to secure additional information for the file. Nevertheless, despite Combe's written request on July 11, 2006 for acknowledgment of the appeal's receipt by CIGNA, no acknowledgment was ever provided and no response was received.

XVI.

Combe therefore served written notice upon CIGNA on September 7, 2006, with a copy to the Secretary of State for the State of Louisiana as CIGNA's Agent for Service of Process, pointing out CIGNA's violation of the timeliness provisions of its own Policy and under regulatory law.  As a result of the Secretary of State's subsequent service of that notice upon CIGNA, Combe eventually did receive on September 14, 2006 an interim acknowledgment from CIGNA. Mr. Gary Person, Manager of CIGNA's Administrative Appeals Team, then advised by telephone that the appeal had been overlooked by CIGNA, which had failed to transfer it to the appropriate CIGNA department for appellate review.  CIGNA therefore requested two weeks within which to review and rule on the appeal.  Combe acceded to that request on September 18, 2006.

XVII.

Two weeks later, on October 2, 2006, ninety eight (98) days following the appeal's submission and fifty three (53) days later than the due date, CIGNA denied Combe's appeal on the basis of CIGNA's "complete review of the file and the impact of [its] Medical Directors".  These Medical Directors, CIGNA advised, made their determination based on lack of available "mini-mental" or

-8-

cognitive tests of both heart and mental functions and documentation to support Combe's treating physicians' determination of inability to perform his regular occupation.

XVIII.

Since the time of the original filing of his claim and throughout CIGNA's processing of his initial claim and his appeal, Combe has complied with all requests for documents and information made by CIGNA. At no time has CIGNA requested Combe to present himself for examination by CIGNA's Medical Directors or by other medical or vocational authorities, or to provide testimony concerning his illnesses, limitations or abilities.

XIX.

Defendant's denial of Combe's claim of long term disability income benefits was made without consultation with any independent medical expert or with Combe's treating physicians. CIGNA's processing of Combe's appeal was perfunctory, superficial, careless, lacked appropriate focus, untimely under DOL Regulations, and arbitrary and capricious in that it discounted the five medical opinions submitted by Combe, together with physician notes and other data requested by CIGNA, and ignored other facts demonstrating that Combe is severely impaired and unable to

perform, on a sustained basis, the duties of his regular occupation or of a Qualified Alternative.  CIGNA's review of the entire claim therefore constitutes an abuse of discretion.

XX.

Combe has fully exhausted all intrapolicy and administrative remedies available to him.

XXI.

CIGNA is liable for all long term monthly disability benefits accrued to Combe from the date of his application until the date long term disability benefits are paid, together with interest from the date each monthly benefit was originally due until date paid. Combe is also entitled to recover his reasonable attorney's fees and costs in pursuing his claim and this action, pursuant to §502(g)(1), 29 U.S.C. §1132(g)(1) of ERISA, together with such other legal or equitable relief as the Court may deem appropriate.

WHEREFORE  David A. Combe prays that after due proceedings had there be judgment herein, in his favor, and against CIGNA as follows:

-10-

(1)   The amount of benefits due Combe, both now and in the future, plus reasonable attorney's fees and costs of pursuing this action, pursuant to §502(g)(1) of ERISA;

(2)   Interest on all benefits owed from the date originally due or, as the Court may determine, from date of judicial demand, until paid;

(3)   Such other legal and equitable relief as the Court may deem appropriate.

_____
MARIE HEALEY (Bar #6708)
DANIEL A. SMITH (Bar #12157)
        OF
HEALEY & SMITH, APLC
650 Poydras Street
Suite 2345
New Orleans, Louisiana 70130
Telephone: (504) 581-6700

_____
W. CHRISTOPHER BEARY (Bar #22253)
ORRILL, CORDELL, & BEARY, L.L.C.
1010 Common Street, 31st Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-8724

**PLEASE SERVE:**

Life Insurance Company of North America,
d/b/a CIGNA Group Insurance
through its agent for service of process:
Louisiana Secretary of State
8549 United Plaza Blvd.
Baton Rouge, Louisiana 70809

C:\MyFiles\Combe,David-372\Tulane Disability Plan-001\Pleadings\Complaint.wpd\tcg
10/13/06
                            -11-