```
                 UNITED   STATES   DISTRICT   COURT
                     EASTERN DISTRICT OF LOUISIANA
```

DAVID A. COMBE                                              CIVIL ACTION

versus                                                      NO.  06-8909

LIFE INSURANCE COMPANY                                      SECTION: E/3
OF NORTH AMERICA, d/b/a/
CIGNA GROUP INSURANCE

## RULING ON MOTION

This matter is before the Court on defendant CIGNA's motion for a new trial, or alternatively, to alter or amend judgment, pursuant to Fed. R. Civ. P. 59.  R.d. #22.  Plaintiff, David A. Combe ("Combe") filed a timely opposition.  After consideration of the briefs, the record and the law, the court is prepared to rule.

## BACKGROUND

On June 21, 2007, the district court entered judgment in favor of plaintiff, David Combe, and against defendant CIGNA for payment of monthly disability benefits in the amount of $6,389.21 per month from January 1, 2006 through September 30, 2010, and payment of contributions on Combe's behalf to the Tulane University Pension Plan in the amount of $766.71 per month during the same period, plus legal interest from the date each installment became due until paid.[1]  CIGNA asserts that the

---

[1] Combe was age 62 at the time he became disabled and applied for benefits.  Pursuant to the Plan, at p. 2, his Maximum Disability Period is 4 3/4 years.

judgment should not have awarded Combe future disability benefits.[2]  Arguing that the language in the Judgment is "contradictory" to the policy language providing that "[t]he Insurance Company will require continued proof of the Employee's Disability for benefits to continue," CIGNA asserts that the policy language should control the period of time Combe should receive disability benefits.

## ANALYSIS

Rule 59(a) provides in relevant part that a new trial may be granted to all or any of the parties and on all or part of the issues in an action tried without a jury for any of the reasons for which rehearings have been granted in suits in equity in the federal courts.  Rule 59(e) provides for a motion to alter or amend a judgment.  Recently, in <u>Vernon v. Talamo</u>, 2007 WL 1259222 *1 (E.D. La. April 27, 2007), Judge LeMelle discussed the application of Rule 59(e) as follows:

> The Court should refrain from altering or amending a ruling or judgment under Rule 59(e) unless one of the following grounds is present: (1) the judgment is based upon manifest errors of law or fact; (2) the existence of newly discovered or previously

---

[2] In their exchange of memoranda regarding this motion, both parties address the issue of CIGNA's claimed right under the terms of the Plan to off-set the amount of any disability benefits that Combe may be entitled to receive from SSDI.  When Combe first filed for disability benefits under the Plan, CIGNA initiated an application on Combe's behalf for SSDI benefits, then withdrew that application, or terminated the process, based on its determination that Combe was not disabled under the Plan.  This issue was not before the court on the cross motions for summary judgment, and is not now properly before the court.

>unavailable evidence; (3) manifest injustice will result; or (4) an intervening change in controlling law has occurred. *See* <u>11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2810.1. p. 125-27 (1995)</u> (Wright & Miller"). "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." <u>In re Self</u>, 172 F.Supp.2d 813, 816 (W.D.La. Oct. 10, 2001); Wright & Miller, 2810.1 at 127-28; *and* <u>Clay v. Daichi Shipping</u>, 2000 WL 6269, at *1 (E.D.La. Jan. 5, 2000).

The court concludes that this motion is addressed to the first listed ground for relief pursuant to Rule 59(e).

In its Reply Brief, CIGNA cited <u>Needham v. Tenet Select Benefit Plan</u>, 2004 WL 193939 (E.D. La.)(Englehardt, J.) and <u>Williams v. UNUM Life Insurance Co. Of America</u>, 940 F.Supp. 136 (E.D. Va. 1996) in support of its position that Combe is not entitled to an award of future disability benefits.  The <u>Needham</u> case was before the court on cross motions for summary judgment. Judge Englehardt concluded that UNUM abused its discretion in terminating plaintiff's disability benefits as follows:

>As the record stood on January 28, 2002, [when the decision was made] not a single treating or examining physician was of the opinion that plaintiff was able to perform the sorts of tasks required of a medical technologist.  Unum is correct that these doctors had not yet uncovered the physiological explanation for plaintiff's disability - and admittedly so.  However, this fact does not constitute concrete evidence that plaintiff had no such disability, particularly given these doctors' expressed opinions to the contrary.

Needham, *8-9.  The Court entered judgment awarding plaintiff disability benefits from the date of termination to the date of judgement.  Regarding future benefits, the Court concluded that "plaintiff is simply to be placed 'back on claim.'  Her right to receive future benefits will be subject to the terms of the policy, including the obligation to provide proof of continued disability, as defined by the policy."  Id., at *10;  see also Rushing v. Winn Dixie Stores, Inc., 2003 WL 1522939 *7 (E.D.La.)(Berrigan, J.)(holding that "in accordance with the Plan's terms Plaintiff is entitled to long term disability benefits dating from October 5, 1999, for as long as he qualifies as totally disabled under the Plan.")

    The Needham case is particularly applicable as the facts are very similar to the case at bar.  This court's forty-one page Ruling on Motions for Summary Judgment, entered at record document # 19, concluded that CIGNA had not given the Plan the correct legal interpretation (page 20); that there was no evidence in the Administrative Record supporting CIGNA's decision that Combe was not disabled under the terms of the Plan (page 35); that CIGNA had simply disregarded overwhelming, uncontroverted evidence from five treating physicians that Combe was permanently and totally disabled from multiple medical conditions and could not return to his job (pages 32-38); and finally, "that CIGNA's handling of Combe's claim was perfunctory

and superficial and not in good faith" (page 38) and that CIGNA failed to provide a full and fair review of Combe's claim, and finally, held that CIGNA's finding that Combe was not disabled under the Plan "was arbitrary and capricious, and an abuse of its discretion" (page 40).

The <u>Williams</u> case concerned defendant's motion to strike plaintiff's jury demand. <u>Williams</u>, 940 F.Supp at 137. The district court looked at the nature of the remedy sought to determine whether Williams was entitled to a jury trial. <u>Id.</u> at 142. Williams lawsuit sought money damages that included not only benefits that are past due and owing, but also a claim for the present value of future benefits that she claimed to be entitled to under the plan. <u>Id.</u> The district court reasoned as follows:

> Such an award of future benefits is not typically available under ERISA given that circumstances may change affecting her eligibility for benefits. Instead, if she prevails in her claim for benefits, Williams may recover money damages for benefits due and owing and she may further obtain a declaratory judgment that she is entitled to future disability benefits provided circumstances concerning her eligibility do not change.

<u>Id.</u>

Like Williams, Combe's lawsuit prayed for his disability

benefits due and owing "now and in the future."[3]  Complaint, p. 11 (Prayer).  Although this court did not enter a declaratory judgment, it did conclude that Combe was disabled and entitled to full monthly benefits under the terms of the Plan.  However, CIGNA is entitled to periodically review his claim in the future to determine his continued disability under the Plan.  It must do so, however, in light of this court's holding that both its initial determination and its review on appeal of Combe's claim was arbitrary and capricious, and is persuasive as the facts are very similar to the case at bar.

Accordingly,

**IT IS ORDERED** that CIGNA's motion for a new trial is **DENIED;** and,

**IT IS FURTHER ORDERED** that CIGNA's motion to alter or amend the Judgment is **GRANTED;** and

---

[3] In his motion and memorandum, Combe expressly claimed that pursuant to the Plan, he is entitled to the payment of monthly benefits in the amount of $6,389.21 per month from January 1, 2006 through September 30, 2010, and payment of contributions on Combe's behalf to the Tulane University Pension Plan in the amount of $766.71 per month during the same period, plus legal interest from the date each installment became due until paid.  CIGNA did not dispute the monthly benefit amounts the Combe claimed were due and failed to address this issue in its opposition to Combe's motion, or in its brief in support of its motion for summary judgment.  Although this failure can be construed as abandonment that issue (<u>Fehlhaber v. Fehlhaber</u>, 681 F.2d 1015, 1030 (5th Cir. Unit "B" 1980) ("Failure to brief and argue an issue is grounds for finding that the issue has been abandoned.)), the court does not do so here in the interest of correcting an error of law.

**IT IS FURTHER ORDERED** that the Judgment entered herein on June 21, 2007, at record document #20, **BE AND IS HEREBY RECALLED AND VACATED.**

New Orleans, Louisiana, August 31, 2007.

_____
**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge