```
                   UNITED   STATES   DISTRICT   COURT
                      EASTERN DISTRICT OF LOUISIANA
```

DAVID A. COMBE                                               CIVIL ACTION

versus                                                       NO. 06-8909

LIFE INSURANCE COMPANY                                       SECTION: E/3
OF NORTH AMERICA, d/b/a/
CIGNA GROUP INSURANCE

### ORDER AND REASONS

This matter is before the Court on the plaintiffs' motion for interim fees and costs.  Record document #49.  The facts of the underlying action are set out in detail in this Court's Ruling on Motions for Summary Judgment, dated June 21, 2007, filed into the record at document #19, and will not be repeated here. The motion was considered on the briefs, supporting documents, and the law, the Court is prepared to rule.

### BACKGROUND

This ERISA lawsuit arose out of the denial of Combe's claim for long term disability ("LTD") benefits under his employer Tulane University's Plan.  On the parties cross motions for summary judgment, the Court entered judgment in favor of Combe and against CIGNA on June 21, 2007, at rec. doc. #20.  On October 31, 2007, at rec. doc. #35, the Court granted in part CIGNA's motion for a new trial or alternatively to alter or amend judgment, and entered a final amended judgment in favor of Combe and against CIGNA.  The final amended judgment awarded Combe

$127,784.20 in past due benefits; payment of contributions on Combe's behalf to the Tulane University Pension Plan in the amount of $766.71 per month during the same period, a total of $15,334.20, and further payments for as long as he qualifies as totally disabled under the Plan and further payments for as long as he qualifies as totally disabled under the Plan; and reasonable attorney's fees, the amount to be determined at a later date, and costs incurred pursuing this litigation.

The applicants filed this motion requesting an award of "interim"[1] fees and costs in the total amount of $88,887.31, including $72,970.00 in post-litigation attorneys' fees, post-litigation costs of $850.31, and pre-litigation attorneys fees of $15,067.00.

## ANALYSIS

Section 1132(g)(1) of ERISA, 29 U.S.C. §1132 *et seq.*, authorizes the discretionary award of reasonable attorneys' fees and costs expended by a plaintiff in prosecuting an ERISA claim under §1132(a)(1)(B).  An ERISA plaintiff need not prevail in order to be eligible for an award of attorneys' fees under

---

[1] The applicants argue that the parties could not reach an amicable accommodation regarding the amount of and payment of the fees and costs, therefore they request a determination of an appropriate interim amount to be awarded pursuant to a supplementary judgment.  The applicants anticipate difficulty executing on such a judgment, because execution of the August 31, 2007 judgment is still ongoing and has necessitated formal execution via garnishment and other enforcement proceedings.  They further anticipate the possibility of another motion requesting a determination of additional fees and costs incurred in execution of the judgment.

§1132(g)(1).  Gibbs v. General American Life Ins., 210 F.3d 491, 503 (5th Cir. 2000).  In the Fifth Circuit, the determination of attorney fees is a two-step analysis in an ERISA case: (1) the court must determine whether the party is entitled to attorneys' fees[2]; and (2) if the party is entitled to attorneys' fees, the amount to be awarded must be determined by application of the lodestar calculation.  Todd v. AIG LIFE Ins. Co., 47 F.3d 1448, 1459 (5th Cir. 1995).  This Court has already determined that Combe is entitled to attorneys' fees and costs.  All that remains is a determination of the appropriate amount of the award by application of the lodestar calculation.  The "lodestar" is determined by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly billing rate.  Hensley v. Eckerhart, 103 S.Ct. 1933, 1939 (1983).  The fee applicant bears the burden of establishing that the hours of work expended and the billing rate are reasonable.

In evaluating whether the hours of work expended and the billing rate are reasonable, the court must consider the factors described in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).  The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the

---

[2]This enquiry requires application of the five factors enumerated in Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980), which is immaterial here where the Amended Judgment included the award of attorneys fees.

questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The Supreme Court has, however, greatly circumscribed the use of the second, third, eighth, and ninth Johnson factors. Walker v. U.S. Department of Housing and Urban Development, 99 F.3d 761, 771-72 (5th Cir. 1996).  Generally, these factors should be reflected in the number of billable hours recorded by counsel, and the "quality of representation" is subsumed in a reasonable hourly rate.  *See* Blum v. Stenson, 465 U.S. 886, 899, 104 S.Ct. 1541, 1549 (1984).  The lodestar is presumptively reasonable and should be enhanced or reduced only in exceptional cases.  Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993).

I.

The applicants request pre-litigation fees in the amount of $15,067.00.  They argue that the Court should award these fees because of the difficulty "in investigating, assembling, acquiring CIGNA's production of, and submitting to CIGNA the

diverse reports and other documents that subsequently composed the voluminous intraplan Record" necessary to support their client's administrative claim and lawsuit.  Applicants' memorandum, p. 4.

CIGNA argues that pre-litigation fees are not available in this ERISA action, citing *inter alia* Peterson v. Continental Casualty Co., 282 F.3d 112 (2nd Cir. 2002) and Cavaretta v. Entergy Corp. Companies' Benefits Plus Long Term Disability Plan, 2005 WL 1038532 (E.D.La.)(Duval, J.).  In Cavaretta, Judge Duval agreed with the Second Circuit's decision in Peterson, concluding that pursuant to § 1132(g)(1), fees incurred in administrative proceedings prior to filing suit are not available.  Cavaretta, *3.  Acknowledging that the Fifth Circuit has not directly addressed the issue of whether an attorney is entitled to pre-litigation (claims process) fees incurred for ERISA claims, Judge Duval observed that it had made the determination that such administrative or "claims process" fees are not available in other contexts.  Id., *2 (listing cases).  This Court finds Cavaretta (and Peterson) to be persuasive: the district court has no jurisdiction over matters prior to the filing of a lawsuit and cannot make an award for attorneys' fees incurred during a pre-litigation claims process.  *See* id., *3 and n.1.  The application for pre-litigation attorneys fees of $15,067.00 is denied.

II.

In order to calculate the "lodestar", the Court must identify a reasonable hourly billing rate for each attorney and multiply that rate by the number of hours reasonably spent on the litigation by each attorney with reference to the Johnson factors.

A.

To determine a reasonable hourly rate, the court must consider the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience and reputation, as supported by evidence in the record. Blum v. Stenson, 465 U.S. 886, 895 (1984); Green v. Administrators of the Tulane Educational Fund, 284 F.3d 642, 662 (5th Cir. 2002).

Combe was represented by Marie Healey, identified as lead attorney, and Daniel Smith, her law partner. Each requests an hourly rate of $250.00 for all work performed in litigating this matter. An hourly rate of $70.00 is requested for paralegal work. According to Healey's affidavit, both she and Smith have practiced law in the Eastern District since 1977, she has specialized in the practice of ERISA and other employment benefit related litigation, and the hourly rate requested is the rate charged by the law firm for similar non-retainer clients involved in ERISA litigation and other ERISA matters generally. CIGNA

does not challenge these requested hourly rates.  The Court finds the requested hourly rates for counsel and paralegal work to be reasonable and in accord with the prevailing market rates in the Eastern District of Louisiana.

B.

The applicants request compensation for a total of 303 hours spent prosecuting this case in the district court.  "To determine the number of hours reasonably expended on a case, a plaintiff must show that billing judgment was exercised."  Walker v. HUD, 99 F.3d 761, 769 (5th Cir. 1996).  Billing judgment is usually shown by writing off unproductive, excessive, or redundant hours.  Id."  Green, 284 F.3d at 662.  Generally, the remedy for failure to exercise billing judgment is to reduce the hours awarded by a percentage.  Id.  To establish that the hours expended are reasonable:

> "[t]he party seeking attorney's fees must present adequately documented time records to the court.  Using this time as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately documented.  Hensley, 461 U.S. at 432-34, 103 S.Ct. at 1939; Von Clark v. Butler, 916 F.2d 255, 258 (5th Cir. 1990).  The hours surviving this vetting process are those reasonably expended on the litigation.

Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993).  The applicants provided the appropriate memorandum, affidavit and hourly billing records to support the application for attorneys'

fees.

CIGNA objects to an award of fees for work defending against CIGNA's motion for a new trial or alternatively, to alter or amend the judgment, because CIGNA claims it prevailed on that motion.  The Court disagrees.  CIGNA did not prevail on its request for a new trial, and only partially prevailed on its alternative request for an amended judgment, recognizing its contractual right to monitor Combe's condition to ensure that he continues to be disabled as long as he is entitled to and receives disability benefits.  It is reasonable, actually, necessary, that in their representation of their client's interests, his attorneys responded to CIGNA's motion.  The number of hours claimed will not be reduced by the 27.3 hours spent doing so.

CIGNA next objects to the inclusion of travel time from plaintiffs' attorneys' office in Florida to New Orleans and back in the calculation of attorney's fees.  The Court agrees.  The applicants billed at one half of the billable rate for 11 hours of travel to and from New Orleans, a total of $1,375.00.  Combe's choice of representation does not include the right to compensation for travel time for his chosen counsel, if that counsel subsequently moves outside of the forum and must spend time traveling to fulfill the obligation to represent the client.  The $1,370.00 will be deducted from the total amount requested.

Finally, CIGNA complains that Combe's attorneys spent an unreasonable amount of time (1) in the calculation and re-calculation of the post-judgment benefits Combe was entitled to as well as the attorneys' fees (16.7 hours); (2) in their review of this Court's judgment and reasons for judgment (3.9 hours); and (3) in the preparation of the motion for summary judgment (105 hours).  The Court disagrees.  The <u>Ruling on Motions for Summary Judgment</u> in this matter was over 40 pages long.  The Court concluded that CIGNA's repeated reviews and determinations regarding Combe's disability claim were arbitrary, capricious, perfunctory, superficial, not in good faith, and an abuse of its discretion.  Combe's motion for summary judgment, which was successful, amounted to the "trial" in this case.  The administrative record was lengthy, the issues were complex, and the defendant was intractable.  The Court finds that the applicants exercised appropriate billing judgment and the number of hours billed is reasonable.

Based on the lodestar calculation, the applicants are awarded fees for 292 hours, at the hourly rate of $250 for attorneys and $70 for paralegal work, for at total of $71,959.00.

C.

The applicants request litigation costs of $850.31, which is not challenged by CIGNA and which the Court finds to be appropriate.

**CONCLUSION**

Accordingly, the Court awards applicants the following:

Fees:            $71,595.00
Costs:              850.31
Total:           $72,445.31

New Orleans, Louisiana, February 27, 2005.

*[signature]*
**MARCEL LIVAUDAIS, JR.**
United States District Judge